# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| RAIMUNDO ANTONIO VIVES LOPEZ,<br>Gustavo Vicuña 6141, Apt 34<br>Vitacura, Santiago de Chile<br>Región Metropolitana<br>7660071, Chile<br>　　　　　Plaintiff<br>v.<br><br>KRISTI NOEM (in her official capacity),<br>Secretary of Homeland Security, United<br>States Department of Homeland Security;<br>KIKA SCOTT, (in her official<br>capacity), Director of U.S. Citizenship<br>and Immigration Services;<br>　2707 Martin Luther King Jr. Ave, SE.<br>　Washington, DC 20528-0485<br><br>SUSAN DIBBINS (in her official<br>capacity), Chief of the Administrative<br>Appeals Office (AAO);<br>　5900 Capital Gateway Drive,<br>　MS 2090, Camp Springs, MD 20588-0009<br><br>PAMELA BONDI (in her official<br>capacity), Attorney General of the<br>United States;<br>　950 Pennsylvania Avenue, NW<br>　Washington, DC 20530-0001<br><br>　　　　　Defendants. | Civil Action No. 1:25-cv-914 |

**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR APA JUDICIAL REVIEW, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF**

Local Counsel, Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, Indiana 46268, Ph: 312-767-9030, Facsimile: 312-767-9030, Email: sadaf@jeelani-law.com; Non-resident Attorney, Christopher S. Knight, Preti Flaherty LLP, One City Center P.O. Box 9546, Portland, Maine 04112-9546, Ph. (207) 791-3260, Email: cknight@preti.com.

1

Plaintiff, Raimundo Antonio Vives Lopez, by and through his undersigned counsel, hereby brings this Petition for Writ of Mandamus and Complaint for Judicial Review under the Administrative Procedure Act ("APA") and Declaratory and Injunctive Relief to compel Defendants to render a decision on Plaintiff's Appeal of the United States Citizenship and Immigration Services ("USCIS") Decision Denying a Motion to Reopen An I-140/NIW Petition. In support thereof, Plaintiff alleges as follows:

## I. INTRODUCTION

1. This civil action seeks judicial review of the arbitrary and capricious delay in reviewing Plaintiff's Appeal of the USCIS decision denying his Motion To Reopen an I-140/NIW Petition ("USCIS Appeal") that he filed with Defendant, Department of Homeland Security's Administrative Appeals Office ("AAO") on June 14, 2024. The Appeal was received on June 17, 2024. [*See* **Exhibit B**]. As of the date of this filing, Plaintiff's Appeal has been pending for over nine months (282 days) without any indication as to when the AAO will schedule Plaintiff for his required hearing and adjudicate his appeal.

2. Plaintiff, by and through undersigned counsel, brings this action against Defendants United States Department of Homeland Security ("DHS"), United States Citizenship and Immigration Services ("USCIS"), the Administrative Appeals Office ("AAO"), and their respective officials, seeking a writ of mandamus, judicial review under the Administrative Procedure Act ("APA"), declaratory judgment, and injunctive relief due to Defendants' failure to adjudicate Plaintiff's appeal

2. Under the APA, federal agencies, "within a reasonable time, (…) shall proceed to conclude a matter presented to it" *See* 5. U.S.C. § 555(b). Courts are empowered by the APA to "compel agency action unlawfully withheld or unreasonably delayed." *Id.*

3. This action seeks an order from this Honorable Court finding that Defendant has arbitrarily, unlawfully, and unreasonably delayed acting on Plaintiff's Appeal.

4. Plaintiff also seeks an order from this Honorable Court compelling the Defendants to act on Plaintiff's Appeal within 30 days of the Court's order pursuant to 5 U.S.C. § 555(b).

5. If this Honorable Court does not see it fit to issue an order pursuant to 5 U.S.C. § 555(b), Plaintiff asks the Court to issue a Writ of Mandamus, ordering the Defendant to act on his Appeal within 30 days of the Court's order.

6. Plaintiff is entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq.*

## II. JURISDICTION AND VENUE

7. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff's claims arise under the laws of the United States, including 5 U.S.C. §§ 555 and 701, *et seq.* (Administrative Procedure Act or "APA"), and 8 U.S.C. § 11101, *et seq.* (Immigration and Nationality Act or "INA") (including 8 U.S.C. § 1255), and 28 U.S.C. §§ 1361 (Writ of Mandamus) and 1615 ("All Writs Act"), as Plaintiff asks this Court to find that AAO's failure to review his appeal is unreasonable, unlawful, and in violation of the APA.

8. This Court has the authority to grant relief pursuant to the APA, 5 U.S.C. § 701 et. seq., to compel agency action that is unlawfully withheld or unreasonably delayed, 5. U.S.C. § 706(1), and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. The United States has waived sovereign immunity pursuant to 5 U.S.C. § 702.

9. Defendants have a non-discretionary duty to adjudicate Plaintiff's Appeal within a reasonable period of time under 5 U.S.C. §555(b).

10. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

### III. EXHAUSTION OF REMEDIES

11. Plaintiff has exhausted his administrative remedies. Plaintiff has repeatedly requested the Defendants to make a final decision on his Appeal. Furthermore, Plaintiff has initiated numerous inquiries with USCIS, directly, without receiving any meaningful response. There are no further administrative remedies available for the Plaintiff to utilize.

12. There are no further administrative remedies available for the Plaintiff to utilize.

### IV. THE PARTIES

13. Plaintiff Raimundo Antonio Vives Lopez is an adult who resides in the Republic of Chile. He filed his I-140/NIW Petition with USCIS on March 3, 2023. *See* Exhibit B.

14. Defendant Department of Homeland Security ("DHS") is an agency of the United States Government. DHS is responsible for implementing and enforcing the INA, Pub. L. No. 82-414,66 Stat. 163 (codified as amended at 8 U.S.C. §§ 1101 et seq.) as well as overseeing and operating USCIS and the AAO.

15. Defendant Kristi Noem is the Secretary of DHS and is the senior official of DHS. She is sued in her official capacity. As Secretary of the United States Department of Homeland Security, Ms. Noem is responsible for the administration and enforcement of all immigration and citizenship laws that are bound in the powers, duties, and functions of the DHS. She is responsible for the legal wrongs committed against Plaintiff.

16. Defendant USCIS is a component of the DHS, 6 U.S.C. § 271, and an agency within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is responsible for adjudicating all applications and petitions for immigration benefits, including Form I-140/NIW and Motions to Reopen and appeals related to those petitions for immigration benefits.

17. Defendant Kika Scott is the Director of USCIS. In her official capacity, she oversees the adjudication of all applications and petitions for immigration benefits, including Form I-140/NIW and Motions to Reopen and appeals related to those petitions for immigration benefits,

22735005.10

and the establishment and implementation of governing policies. She is being sued in her official capacity. She is responsible for the legal wrongs committed against Plaintiff.

18. Defendant Susan Dibbins is the Chief of the Administrative Appeals Office ("AAO"). In her official capacity, she oversees the adjudication of all appeals of decisions to the AAO, including denials of motions to reopen I-140/NIW Petitions and appeals related to those petitions for immigration benefits. She is being sued in her official capacity. She is responsible for the legal wrongs committed against Plaintiff.

19. Defendant Pamela Bondi is the United States Attorney General. She is sued in her official capacity. As Attorney General, Ms. Bondi is responsible for the oversight, administration, and execution of the immigration laws of the United States. She is responsible for the legal wrongs committed against Plaintiff.

## V. STATEMENT OF FACTS

20. The Plaintiff is a national of the Republic of Chile and the Kingdom of Spain. He holds a dual license to practice law in the State of New York, United States, and Chile.

21. On March 3, 2023, Plaintiff filed an I-140 Immigrant Petition for Alien Worker requesting classification under the EB-2 category as a member of the professions holding an advance degree and seeking a National Interest Waiver ("EB-2 NIW") under Section 203(b)(2)(B) of the INA, in light of the close relationship between Chile and the United States, and Petitioner being well-positioned to pursue his proposed endeavor and the Chile-US Free Trade Agreement ("FTA"). [**Exhibit A**].

22. On May 19, 2023, USCIS issued a Request for Evidence ("RFE") in connection with Plaintiff's Petition.

23. On July 28, 2023, Plaintiff timely responded to the RFE and submitted additional evidence in support of his Petition.

24. On August 17, 2023, USCIS denied Plaintiff's Petition.

25. On September 19, 2023, the Plaintiff submitted a motion to reopen to USCIS to overcome the grounds for denial pursuant to 8 C.F.R. §103.8(b).

26. On May 15, 2024, without considering any of the additional evidence in the record, USCIS denied the Plaintiff's motion to reopen.

27. On June 17, 2024, Plaintiff filed an Appeal of the USCIS Decision to the AAO. [**Exhibit B**].

28. To date, the AAO has taken no action on Plaintiff's Appeal.

29. Between September 2024 and March 2025, Plaintiff's attorney repeatedly contacted USCIS to request an update on the status of Plaintiff's Appeal. On December 20, 2024, Plaintiff, through counsel, submitted a Service Request, which indicated that processing could take up to 30 days. This timeframe elapsed on January 19, 2025, yet Plaintiff has not received a response.

30. Plaintiff has exhausted his administrative remedies. Furthermore, Plaintiff has incurred substantial attorney's fees and will face irreparable harm as a result of Defendants' failure to review Plaintiff's Appeal within a reasonable period of time.

## VI. CLAIMS FOR RELIEF

### Count I

### APA Violation by Defendants of 5 U.S.C. § 555(b), *et seq.*

31. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

32. The APA requires that "within a reasonable amount of time, each [federal agency] shall proceed to conclude a matter presented to it." *See* 5. U.S.C. § 555(b).

33. The APA further states that U.S. District Courts shall "compel agency action unlawfully withheld or unreasonably delayed."

34. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. § 702. Agency action includes a failure to act. *See* 5 U.S.C. § 551(3).

35. Under the APA, Defendants have a mandatory, non-discretionary duty to schedule a hearing for, and complete the adjudication of, Plaintiff's Appeal, and to do so within a reasonable time.

35. Plaintiff challenges only the reasonableness of Defendants' delay or inaction in the adjudication of his appeal, not the grant or denial of that appeal or the underling decision by USCIS.

36. The APA requires that federal agencies conclude a matter presented to it "within a reasonable time." 5 U.S.C. § 555(b). In order to determine what constitutes a reasonable time, the Courts will look to the following factors: (1) whether the time an agency takes to render a decision is governed by the rule of law; (2) where Congress provided a timetable or other indication of the speed in which it expects an agency to act, then the enabling statute and statutory scheme may supply content for this "rule of reason"; (3) delays in the realm of economic regulation are less tolerable when human health and welfare are at stake; (4) consideration of the effect of expediting delayed action on agency actions of higher or competing priority; (5) the nature and extent of the interests prejudiced by the delay; and (6) the impropriety of agency lassitude is not required to find that agency action has been unreasonably delayed. *See Telecomms. Research & Action Center v. FCC*, 759 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC factors").

37. While the FTA does not explicitly mandate expedited processing of immigrant petitions, there are general provisions within the agreement that emphasize fair treatment, transparency, and efficient administrative processes that support an argument for prompt adjudication. The Plaintiff's EB-2 NIW Petition seeks a waiver of the labor certification process based on the substantial merit and national importance of the proposed endeavor. This waiver reflects a recognition that the Petitioner's contributions would benefit the United States, making the traditional labor certification process unnecessary. In this context, the prolonged delay in

adjudicating the Appeal and in turn the petition directly contradicts the principles outlined in Article 18.3(2) of the FTA, which mandates that each party must ensure its proceedings related to labor laws are fair, equitable, and transparent. Although this provision specifically addresses labor law enforcement, its core principles are equally applicable to immigration proceedings that affect labor market participation, particularly when the petitioner's professional endeavors align with U.S. economic interests. The delay in adjudication not only undermines the Plaintiff's ability to contribute to the U.S. workforce but also violates the broader spirit of efficiency and fairness enshrined in the FTA. Given that it is the Plaintiff's contention that he has demonstrated eligibility for the waiver before USCIS in his EB-2 NIW proceedings and that the delay has caused significant professional and personal harm, compelling USCIS to issue a prompt decision is justified under both the APA, 5 U.S.C. § 706(1) and the guiding principles of the U.S.-Chile FTA.

38. The FTA underscores the mutual commitment of both nations to promote fair treatment, economic growth, and cross-border investment. In this context, the United States is expected to treat Chilean nationals no less favorably than others seeking to contribute to its economy, particularly when their endeavors align with U.S. national interests. Given that the Plaintiff's EB-2 NIW Petition directly supports the FTA's objective of fostering cross-border legal services and strengthening economic ties, the prolonged adjudication of the Petition undermines the spirit of efficiency, fairness, and transparency embodied in the agreement. Consequently, prompt action on this Appeal not only aligns with U.S. immigration obligations but also reinforces the broader diplomatic and economic relationship between the United States and Chile.

39. Plaintiff's Appeal has been pending since June 17, 2024, for 282 days (over nine months) as of the date of this filing.

40. Applying the TRAC factors to this case, there is no doubt that the Defendants' delay here is unreasonable.

41. Plaintiff has exhausted his administrative remedies.

42. Defendants unreasonable and unlawful delays in adjudicating Plaintiff's Appeal have caused, and will continue to cause, Plaintiff ongoing and substantial injuries.

## Count II

### Mandamus Action to Compel Officers of Defendants to Perform Their Duty

43. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

44. Plaintiff asserts claims for mandamus relief under 28 U.S.C. §§ 1361 and 1651, which provide the authority to compel an agency to perform a duty owed to him.

45. Defendants, including the Department of Homeland Security through its sub-agency AAO, have a mandatory, non-discretionary duty to hear and adjudicate Plaintiff's appeal.

46. Plaintiff challenges only the reasonableness of Defendants' delays or inaction in the scheduling and adjudication of his appeal, not the grant or denial of this filing.

47. Plaintiff has no other adequate remedy to compel Defendants to perform their duty, since he has contacted Defendants without results or indication of when his Appeal would be scheduled or when an adjudication might be forthcoming.

48. Plaintiff asks the Court to compel Defendants to perform their duties and hear and adjudicate Plaintiff's Appeal.

49. Defendants' unreasonable and unlawful delays in scheduling a hearing for and adjudicating Plaintiff's appeal has caused, and will continue to cause, Plaintiff ongoing and substantial injuries.

### VII. INJURIES TO PLAINTIFF

50. Defendants' unreasonable and unlawful delays in scheduling a hearing for and adjudicating Plaintiff's Appeal has caused, and will continue to cause, Plaintiff ongoing and substantial injuries. Plaintiff is unable to obtain permanent residence status while Defendants continue to delay the adjudication of his Appeal. Without permanent residence status, the

Plaintiff can neither work nor live in the United States. The prolonged delay in adjudicating the Appeal has resulted in substantial and ongoing harm, both professionally and personally. After returning from the United States on November 20, 2022, the Plaintiff filed his EB2 NIW Petition on March 3, 2023. Since then, multiple potential employers have expressed interest in the Plaintiff's profile, only to withdraw their interest upon learning that the Plaintiff requires visa sponsorship. This delay has directly impeded the Plaintiff's ability to secure employment commensurate with his qualifications and experience. For instance, the Plaintiff secured a contract with a Washington, D.C.-based law firm to provide services from Chile, yet this opportunity yields only a fraction of the income the Plaintiff would earn practicing in New York City, where comparable positions offer compensation exceeding $250,000 annually. This prolonged uncertainty has placed the Plaintiff's professional and personal life in limbo, restricting the ability to make long-term decisions regarding career advancement, residency, and financial stability. Compelling the AAO to promptly adjudicate the pending appeal is warranted under 5 U.S.C. § 706(1) of the APA, as the delay has effectively denied the Plaintiff the ability to fully pursue his proposed endeavor in the United States.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Honorable Court to:

(1) Assume jurisdiction over this matter;

(2) Declare that Defendants' delays in scheduling a hearing and adjudicating Plaintiff's Appeal are unreasonable and in violation of the APA and INA, and on any other basis justified under law;

(3) Compel Defendant to perform its duty to schedule a hearing and adjudicate Plaintiff's Appeal within thirty (30) days of an Order of this Court;

(4) Retain jurisdiction over this case to ensure compliance with this Court's orders;

(5) Grant attorney's fees, expenses and costs of court to Plaintiff, pursuant to the Equal Access to Justice Act (EAJA), as amended, 5 U.S.C. § 2412, and on any other basis justified under law; and

(6) Grant such other relief as this Court deems necessary and proper.

Respectfully submitted

DATED: March 27, 2025

_____
Christopher S. Knight
*Pro Hac Vice*
Preti Flaherty LLP
One City Center
P.O. Box 9546
Portland, Maine
04112-9546
(207) 791-3260
cknight@preti.com


/s/ Sadaf F. Ahmed

DATED: March 27, 2025

_____
Sadaf F. Ahmed, Esq.
JEELANI LAW FIRM, PLC,
9511 Angola Court,
Indianapolis, IN 46268
Ph: 312-767-9030,
Facsimile: 312-549-9981, Email:
sadaf@jeelani-law.com.
*Local Counsel for Plaintiff*

22735005.10